Michael POPKOWSI, Appellant,

v.

Dale GRAMZA, Appellee.

No. 01–83–0552–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 15, 1984.

---

amount of $50,000, plus pre-judgment interest at nine percent per year.

In June, 1980, the appellee was allegedly injured while riding in the back of the appellant's truck. The appellee testified that he was tossed from the back of the truck when the appellant lost control of the truck, causing it to veer off the road. The appellee's first amended original petition was filed in November 1980. Citation was issued and delivered to the appellant on November 8, 1980. The appellant filed no answer, and on December 9, an interlocutory default judgment was entered. On December 27, the trial court signed the final default judgment which is the subject of this proceeding.

In the first two of the appellant's five points of error, he contends that the trial court erred in rendering a default judgment because, as a matter of law, the service of citation was improper. The appellant also complains that there was insufficient evidence to support the fact of service on him.

Generally, in a direct attack by writ of error on a default judgment, there are no presumptions as to the validity of service. *Whitney v. L. & L. Realty Corporation*, 500 S.W.2d 94 (Tex.1973). Furthermore, the record must affirmatively show a strict compliance with the procedural rules relating to the issuance, service, and return of citation.

The appellant argues that the record does not affirmatively show strict compliance with the proper mode of service of process required in a default judgment, because there is a mistake in the spelling of the appellant's name on the sheriff's return. According to the appellant, the sheriff's return reflects service on Michael Poprowski, instead of the appellant's true name Michael Popkowsi. Because the return is important as proof of service, the appellant argues that the defect in the spelling of his name on the return resulted in an invalid service of process, and re-

Otto D. Hewitt, McLeod, Alexander, Powel & Apffel, Galveston, for appellant.

Joel W. Ellis, II, Galveston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal by writ of error from a default judgment granting the appellee damages for personal injuries in the

**918**

quires a reversal of the default judgment. As authority for this contention, the appellant cites several cases which hold that a mistake in the defendant's name on the citation requires the reversal of a default judgment. Specifically, the appellant contends that the sheriff's return in the sheriff's handwriting shows an "r" where it should show a "k". The appellee argues that the letter is a "k". No complaint is made as to any other irregularity on the return. The appellant's contentions are rejected for two reasons. First, not one of the many cases cited by the appellant involved a determination of whether a letter in the name of a party served was in fact another letter. Each of these cases involved misspelled names or wrong initials. Therefore, every case cited by the appellant is distinguishable. Second, because there were no findings of fact or conclusions of law, we must presume that the trial judge impliedly found the now disputed letter "r" in the appellant's name as shown on the sheriff's return was indeed a "k" as it should have been. *First Title Co. of Corpus Christi v. Cook*, 625 S.W.2d 814 (Tex.Civ.App.—Fort Worth 1981, Dism'd). The appellant's first two points of error are overruled.

In the appellant's third point of error, he contends that the trial court erred in rendering judgment for the appellee since there was no evidence or insufficient evidence to support the award of $50,000 damages.

■ Specifically, the appellant challenges the evidence substantiating the appellee's claims (1) that he suffered pain in the neck, arm, and shoulder; (2) that he suffered anxiety and stress; (3) that he suffered lost "net profit" in the amount of $7,000; (4) that he suffered diminished earning capacity; and (5) that he incurred medical bills. As there were no findings of fact or conclusions of law in this case, the appellate court presumes that the trial judge found all the facts necessary to sustain the judgment. *Jones v. Ben Maines*

*Air Conditioning Co.*, 621 S.W.2d 437 (Tex.App.—Texarkana 1981, no writ). Furthermore, the appellate court will affirm the judgment if it can be sustained on any reasonable theory supported by the evidence and authorized by law. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977).

■ The judgment of the trial court merely recites that the cause of action is unliquidated, and that from the evidence heard by the court, it appeared that the appellee was damaged by the appellant in the sum of $50,000. The court did not itemize the damages, and hence it is impossible to determine what portion of the damages was ascribed to each element. Nevertheless, we must examine the record for evidence offered to prove the appellee's claimed damages. *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113, 116 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ); Rule 243, T.R.C.P.

■ Generally, competent evidence of loss of profits may be of probative value in showing diminished earning capacity. *Greyhound Bus Lines Inc. v. Duhon*, 434 S.W.2d 406, 415 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ). The complaining party must provide "data from which [the lost profits] may be ascertained with a reasonable degree of exactness." *Texas Power & Light v. Barnhill*, 639 S.W.2d 331, 336 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.).

■ The appellee claimed that he had lost approximately $7,000 in net profit due to his injuries arising from the alleged accident, because he could not accept contracting jobs on three homes. This testimony does not meet the "reasonable degree of exactness standard" of loss profits required by the law.

■ As further proof of diminished income, the appellee only offered evidence of payments to additional personnel, hired to perform labor that the appellee was allegedly unable to do. There was no evi-

dence as to the appellee's income capability before the accident. Therefore, there was no way for the trial court to determine to what degree the appellee's earning capacity was impaired. *Bonney v. San Antonio Transit Co.*, 325 S.W.2d 117 (Tex.1959). Consequently, there was minimal competent evidence regarding diminished earning capacity.

■ The appellee does offer competent proof of his bill from the attending physician, Dr. Stubbs. However, the bill from the University of Texas Medical Hospital (UTMB) was not accompanied by an affidavit with a completed jurat. Thus, the UTMB bill did not conform to art. 3737e, and was inadmissible. Tex.Rev.Civ.Stat. Ann. art. 3737e. No evidence of future medical expenses was given. Therefore, the only competent evidence regarding medical expenses, was the bill from Dr. Stubbs for $185.

The appellee testified that he was injured when he fell from a moving truck driven by the appellant in June 1981. He also testified that immediately following the accident, he suffered a concussion to his head, a severe cut to his right leg, lacerations to his right side, and internal muscle damage to his right arm. As proof of these injuries the appellee offered photographs showing his physical condition immediately following the accident. The appellee also testified that he suffered recurring dizzy spells, frequent headaches, and a permanent scar on his head and side. He further testified that he was still unable to lift his right arm and shoulder without experiencing pain from the injury.

■ Generally, a plaintiff is competent to testify as to how he felt after an accident. See *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113 (Tex.Civ.App.— Houston [1st Dist.] 1981, no writ).

■ Additional evidence was provided by the appellee's physician, Dr. Stubbs, who stated in a letter written November 11, 1981, that the appellee's pain and neck injuries may be related to the accident. The letter also substantiated the appellee's claims of extensive abrasions, head injuries, dizziness, and scarring. The doctor predicted that although the scars on the appellee's forehead would be permanent, the dizziness would dissipate after the year. Although the doctor never states that the accident caused the appellee's injuries, the appellee's testimony following the accident, was competent evidence of his freedom from injury before the accident. See *Republic Bankers Life Ins. Co. v. Morrison*, 487 S.W.2d 373 (Tex.Civ.App.— Texarkana 1972, no writ).

■ The appellee claimed that he suffered nervous stress and anxiety after the accident. He also stated that he began to suffer colon spasms, causing him to change his diet. This testimony was competent evidence of mental suffering because mental anguish may be implied from any injury which causes physical pain, even if there is no direct proof of the pain. *Gerland, supra.*

■ Considering the competent evidence offered to prove damages, the award of $50,000 is not excessive. We overrule the appellant's third point of error.

In points of error four and five, the appellant contends that the trial court erred, as a matter of law, in awarding pre-judgment interest from the date of injury, since the appellee neither pled nor prayed for interest.

■ It is well established that a prayer for pre-judgment interest on unliquidated damages is necessary before it may be properly awarded by a trial court. *Black Lake Pipeline Co. v. Union Construction Co.*, 538 S.W.2d 80, 96 (Tex. 1976). The appellant's fourth and fifth points of error are sustained.

The judgment of the trial court is reformed to reflect interest at the rate of 9% per annum from the date of judgment.

As reformed, the judgment of the trial court is affirmed.

For publication. TEX.R.CIV.P. 452(b)