**Charles Benjamin MALLIA, Jr. and Sharon Joy Mallia, Appellants,**

**v.**

**Thomas G. BOUSQUET and Bousquet & Associates, Appellees.**

**Nos. 01–90–00675–CV, 01–90–01113–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 11, 1991.

John H. Jenkins, Houston, for appellants.

Charles B. Mallia, pro se.

Thomas G. Bousquet, Houston, for appellees.

Before TREVATHAN, C.J., and DUNN and PRICE[1], JJ.

## OPINION

DUNN, Justice.

The appellants, Charles Benjamin Mallia, Jr. and Sharon Joy Mallia, appeal the judgment holding them jointly and severally liable to the appellees, Thomas G. Bousquet and Bousquet & Associates (collectively referred to as "Bousquet"), for $9,152.20.

On December 16, 1988, Sharon Mallia filed a petition for divorce against Charles Mallia. Bousquet was Sharon Mallia's attorney in the divorce proceeding. On May 15, 1989, Bousquet filed a motion to withdraw as Sharon Mallia's attorney. The trial court set Bousquet's motion to withdraw for a hearing on June 5, 1989. On May 17, 1989, Bousquet intervened in the Mallias' divorce proceeding. Bousquet sought to recover attorney's fees from Sharon Mallia for services rendered in the divorce proceeding. On June 5, 1989, the trial court entered an order allowing Bousquet to withdraw as Sharon Mallia's attorney. On October 30, 1989, Sharon Mallia filed a motion for voluntary nonsuit of her divorce proceeding, and on October 31, 1989, the trial court granted the motion for nonsuit. On December 12, 1989, Bousquet amended his intervention to include claims against Charles Mallia.

On April 3, 1990, the trial court entered judgment that Charles and Sharon Mallia were jointly and severally liable to Bousquet for attorney's fees in the amount of $9,152.20. Charles Mallia appeared at the trial on the intervention, but Sharon Mallia did not appear. The trial court ruled that the attorney's fees were for services rendered in the divorce proceeding and in prosecuting the intervention and were necessary for the proper representation of Sharon Mallia and her minor child in a suit affecting the parent-child relationship.

The trial court filed findings of fact and conclusions of law. The trial court found that Sharon Mallia retained Bousquet to represent her in the divorce proceeding but did not pay Bousquet. The trial court also found that Bousquet withdrew as Sharon Mallia's attorney before filing the intervention. In addition, the trial court found that Sharon Mallia had proper notice of the intervention and the trial setting on the intervention. The trial court concluded that Charles and Sharon Mallia were responsible for attorney's fees incurred on her behalf in the divorce proceeding and in the suit to collect the fees. The trial court also concluded that since Sharon Mallia was given proper notice of the trial on the intervention, the trial court had jurisdiction over Bousquet's claim against her.

Sharon Mallia brings this appeal by writ of error from the default judgment rendered against her. In her second point of error, Sharon Mallia contends that she was not served with process in Bousquet's intervention; thus, she contends that the trial court was without jurisdiction to render a judgment against her.

█ To prevail on a writ of error, a party must demonstrate that the applica-

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

tion for writ of error was filed within six months of the date of the judgment by a party to the suit who did not participate in the trial, and error is apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Barnes v. Barnes*, 775 S.W.2d 430, 431 (Tex.App.—Houston [1st Dist.] 1989, no writ).

Judgment was rendered on April 6, 1990, and Sharon Mallia filed her petition for writ of error on October 6, 1990, six months from the date of the judgment. Moreover, it is undisputed that Sharon Mallia was a party to the present suit who did not appear at trial. The trial court stated in its judgment that Sharon Mallia did not appear. Hence, we must determine whether error is apparent from the face of the record.

■ When an intervenor seeks affirmative relief from a plaintiff, the intervenor must serve the plaintiff unless the plaintiff subsequently appears in the intervention. *McWilliams v. Snap–Pac Corp.*, 476 S.W.2d 941, 950 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.) (op. on reh'g). In the present case, Bousquet sought affirmative relief from Sharon Mallia, who was the plaintiff in the divorce proceeding. In addition, Sharon Mallia did not appear in the intervention. Therefore, Bousquet was required to serve citation on Sharon Mallia.

■ The judgment in the present case stated that Sharon Mallia "had notice of the trial." However, since this writ of error proceeding is a direct attack on the default judgment, a recitation of due service in the judgment is not conclusive. *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95 (Tex.1973); *Franecke v. Dolenz*, 668 S.W.2d 481, 482 (Tex.App.—Austin 1984, writ dism'd). The record must affirmatively show that service was properly given. *Whitney*, 500 S.W.2d at 95; *Popkowsi v. Gramza*, 671 S.W.2d 915, 917 (Tex.App.—Houston [1st Dist.] 1984, no writ).

■ The record before this Court contains no service of citation in the intervention for Sharon Mallia. Among the items Sharon Mallia requested in the transcript were "all returns of service." Consequently, the record does not show Sharon Mallia was served in Bousquet's intervention. We find error is apparent on the face of the record.

We sustain Sharon Mallia's second point of error. Due to the disposition of her second point of error, we do not address Sharon Mallia's first point of error.

■ In his second point of error, Charles Mallia contends that the trial erred in entering judgment against him for attorney's fees when Bousquet was not entitled to attorney's fees under TEX.FAM.CODE ANN. § 3.77 (Vernon Supp.1991).

In its judgment, the trial court did not state that it was awarding attorney's fees to Bousquet under section 3.77. Furthermore, while Bousquet did refer to section 3.77 in his amended intervention, he did not claim attorney's fees under section 3.77 only. Rather, he made a general request for attorney's fees.

Under TEX.FAM.CODE ANN. § 11.18(a) (Vernon 1986), in a suit affecting the parent-child relationship, a trial court may award reasonable attorney's fees as costs. In her petition for divorce, Sharon Mallia stated that she and Charles Mallia had a minor child and asked the trial court to appoint a managing conservator of the child. In its judgment, the trial court found that the services rendered by Bousquet were necessary in a suit affecting the parent-child relationship. Moreover, in the findings of fact and conclusions of law filed by the trial court, the trial court found that the attorney's fees were reasonable and necessary in a suit affecting the parent-child relationship. Hence, the trial court did not err in entering judgment against Charles Mallia for attorney's fees because Bousquet was entitled to attorney's fees under section 11.18.

We overrule Charles Mallia's second point of error.

■ In his first point of error, Charles Mallia contends that the trial court erred in entering judgment against him when it lacked jurisdiction over him. Specifically,

Charles Mallia contends that Bousquet failed to serve Sharon Mallia with the intervention, and only after she nonsuited her divorce proceeding did Bousquet amend the intervention to include claims against Charles Mallia. Consequently, Charles Mallia contends that the intervention was not properly before the trial court.

Regardless of whether the intervention was pending before the trial court when Sharon Mallia nonsuited the divorce proceeding, Bousquet filed the amended intervention, which included the claims against Charles Mallia, with the trial court and served Charles Mallia. Additionally, Charles Mallia appeared at the trial on the intervention. Therefore, Charles Mallia was before the trial court, and it properly rendered judgment against him. *Cf. Ex parte Bowers,* 671 S.W.2d 931, 935 (Tex. App.—Amarillo 1984, no writ) (court's jurisdiction over person could be established by litigant's entry into court); *Bullock v. Briggs,* 623 S.W.2d 508, 511 (Tex.App.—Austin 1981, writ ref'd n.r.e.) (*in personam* jurisdiction existed if party voluntarily participated in trial), *cert. denied,* 457 U.S. 1135, 102 S.Ct. 2962, 73 L.Ed.2d 1352 (1982).

We overrule Charles Mallia's first point of error.

In two cross-points of error, Bousquet requests damages against Sharon Mallia and Charles Mallia pursuant to TEX. R.APP.P. 84.

This Court has authority to award damages to an appellee when it determines that an appeal was taken for delay and without sufficient cause. TEX.R.APP.P. 84. However, this Court will not do so absent a clear showing that the appellants had no reasonable ground to believe the judgment would be reversed. *Stewart v. Texco Newspapers, Inc.,* 734 S.W.2d 175, 177 (Tex.App.—Houston [1st Dist.] 1987, no writ). We reversed the judgment against Sharon Mallia. In addition, we find the record does not *clearly* show that Charles Mallia had no reasonable ground to believe the judgment against him would be reversed.

We deny Bousquet's request for damages pursuant to TEX.R.APP.P. 84.

We reverse the judgment against Sharon Mallia and remand the cause for further proceedings consistent with this opinion. We affirm the judgment against Charles Mallia.