Michael T. NOWAK, Appellant,

v.

Paul J. MADDISON, II and Deborah
D. Maddison, Appellees.

No. 01–93–00853–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 1994.

Charles M. Kinsey, Pearland, for appellant.

Mario L. Vasquez, Paul J. Maddison, II, Houston, for appellees.

Before DUGGAN, O'CONNOR and HEDGES, JJ.

## OPINION

DUGGAN, Justice.

Michael T. Nowak, appellant, seeks review by writ of error of the trial court's granting of a nonsuit, or alternatively, the denial to reinstate the suit. We sustain appellant's point of error and order reinstatement of the suit.

On December 17, 1992, Nowak purchased two notes from Compass Bank–Houston, N.A. (Compass). Along with the notes, Compass assigned its interest in the underlying lawsuit to Nowak. On January 18, 1993, Compass' attorney gave notice of the assignment to the trial court. The notice stated that: (1) Compass no longer had a claim to the cause of action; (2) Nowak had agreed to file a motion to substitute parties and counsel in place of Compass; (3) if Nowak had not obtained a signed order granting his motion to substitute parties and counsel on or before January 31, 1993, then Compass' agreement with Nowak entitled Compass to nonsuit the litigation; and (4) if Nowak did not fulfill these requirements, Compass would file the nonsuit on February 1, 1993. On January 25, 1993, Nowak filed a motion to substitute himself in place of Compass as a party to the suit, and a designation of Charles M. Kinsey as attorney for Nowak. Nowak, however, failed to obtain a signed order granting his motions before January 31, 1993, and Compass filed the nonsuit. The trial court granted the nonsuit on February 18, 1993; the court further denied Nowak's motion for a hearing on the nonsuit, or alternatively, a reinstatement of the case on April 26, 1993.

■ To prevail on his writ of error, Nowak must demonstrate that the application for writ of error was filed (1) within six months of the date of the judgment, (2) by a party to the suit, (3) who did not participate in the trial, and (4) that error is apparent from the

face of the record. *DSC Fin. Corp. v. Moffitt,* 815 S.W.2d 551 (Tex.1991); *Mallia v. Bousquet,* 813 S.W.2d 628, 630 (Tex.App.—Houston [1st Dist.] 1991, no writ). Nowak met the first three requirements. The nonsuit was granted on February 18, 1993, and the motion for reinstatement was denied on April 26, 1993. Nowak filed his writ of error on August 13, 1993, within the six months after the nonsuit was granted, and within four months after the motion for reinstatement was denied. It is undisputed that on December 17, 1992, Compass assigned Nowak its interest in the case. Moreover, it appears that Nowak did not participate when the court granted the nonsuit. Therefore, we must decide whether error is apparent from the face of the record.

On appeal, Nowak claims that: (1) when Compass assigned its rights to him, he designated Charles M. Kinsey as the attorney of record; (2) Kinsey filed in the trial court a notice of the designation of attorney, received by Compass' attorney on January 27, 1993; and (3) the trial court mailed Kinsey a notice that the case was set for trial on May 17, 1993. It is in light of these claims that Nowak contends the trial court erred in nonsuiting the action. We agree that Nowak's claims are supported by the record. At the time of the nonsuit, the record reflects the court was in receipt of Nowak's motion to substitute parties and his designation of Kinsey as the attorney of record. It further contains a letter dated February 17, 1993 (the day before the nonsuit), from the trial judge to Kinsey informing him that the case was set for trial beginning May 17, 1993.

■ Compass, through its previously designated attorney, Michael J. Smith, filed the nonsuit on February 4, 1993. The nonsuit was filed after the designated attorney in charge had been changed by written notice to the court and to Compass in accordance with Tex.R.Civ.P. 8. Rule 8 provides that after such designation is made, "all communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge." Smith was no longer the designated attorney in charge; therefore, the trial court improperly nonsuited the case in response to Smith's motion.

We sustain appellant's sole point of error. We reverse the trial court's judgment and remand the cause with instructions to reinstate Nowak's case.