TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00050-CV







Randolph Doyer, Appellant



v.



Pitney Bowes, Inc. and Pitney Bowes Credit Corporation, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 99-12461, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING








 The district court rendered summary judgment that Randolph Doyer, doing business
under the trade name Doyer Equipment Company, take nothing by his actions against Pitney Bowes,
Inc. (PBI) and Pitney Bowes Credit Corporation (PBCC). Doyer appeals. We will affirm the
judgment.


THE CONTROVERSY


 The material facts are undisputed. On April 6, 1993, Doyer obtained from PBCC
certain mailroom equipment pursuant to a "lease contract" between them. On April 19, 1993, Doyer
obtained from PBI a postage meter pursuant to a "rental contract" between those parties. The two
contracts embodied a single transaction, albeit two distinct contracts between different contracting
parties. (1) PBCC is a subsidiary of PBI; both are corporations organized and existing under the laws
of the State of Delaware.

 On September 30, 1999, PBI sued Doyer in a small-claims court (2) in Travis County
to recover $937.18 in past-due rent allegedly owed by Doyer under the postage-meter contract,
together with $1,400 alleged to be the market value of the postage meter that Doyer refused to
surrender to PBI as required by that contract. The action in small-claims court evidently proceeded
no further.

 The litigation developed thereafter in district court after Doyer filed in that court an
original petition declaring "[t]his lawsuit is filed in the nature of a compulsory counterclaim to the
lawsuit filed by [PBI] in . . . the Small Claims Court." Doyer prayed for money damages on various
causes of action, each of which pertained exclusively to the mailroom-equipment contract to which
PBI, the sole defendant named by Doyer, was not a party. PBI appeared in the cause by filing an
original answer alleging a general denial, the bar of limitations, and several affirmative defenses. 
Thereafter, PBCC appeared in the cause by filing a petition in intervention. PBCC alleged therein
a cause of action against Doyer for money damages based upon Doyer's breach of the mailroom-
equipment contract.

 At the time of the summary-judgment hearing, the state of the pleadings was as
follows:

 Doyer's Pleadings. In a third amended original petition, Doyer declared again that
his "lawsuit is in the nature of a compulsory counterclaim to the lawsuit filed by [PBI] in the Small
Claims Court." He alleged essentially the same causes of action as those set forth in his original
petition, but added PBCC as a defendant in addition to PBI. Doyer's allegations still pertained solely
to the mailroom-equipment contract to which PBCC was a party but PBI was not. To impose
liability upon both corporations, Doyer alleged they had acted in the transaction as co-conspirators
and a single business enterprise, that the two corporations were "inextricably intertwined," or that
they had acted in a joint venture or partnership.

 In defense of PBCC's claim for damages against Doyer, set out in PBCC's petition
in intervention, he alleged in his third amended original petition the doctrines of set off, failure of
consideration, fraud, and waiver.

 PBI's Pleadings. In its second amended original answer, PBI interposed to Doyer's
claims a general denial, the bar of limitations, and several affirmative defenses. In a separate
instrument titled "First Amended Counterclaim," PBI alleged against Doyer causes of action for
money damages based upon Doyer's alleged breach of the postage-meter contract and the mailroom-
equipment contract. It is undisputed, however, that PBI was not a party to the latter contract.

 PBCC's Pleadings. PBCC's cause of action against Doyer, set out in the former's
petition in intervention, remained a live pleading at the time of the summary-judgment hearing. 
PBCC requested therein damages of $4,937.20 as past-due rent owing under the mailroom-
equipment contract and $11,110.50 as the reasonable rental value of the mailroom equipment that
Doyer allegedly refused to surrender on expiration of that contract.

 At the time of the summary-judgment hearing, PBCC's live pleadings also included
its first amended original answer to Doyer's claim against PBCC. PBCC set out therein a general
denial, the bar of limitations, and several affirmative defenses.

 PBI and PBCC moved for summary judgment that Doyer take nothing by his claims
against them because they were barred by limitations. It is undisputed that Doyer's causes of action
are indeed barred by applicable statutes of limitation unless the time for bringing his actions has been
extended. Therein lies the basis for Doyer's curious allegation that his "lawsuit is filed in the nature
of a compulsory counterclaim to the lawsuit filed by [PBI] in . . . the Small Claims Court."

 On a theory that his live petition in district court alleges counterclaims against both
PBI and PBCC, Doyer contends the applicable limitation periods were extended by the provisions
of the following statute:


(a) If a counterclaim or cross claim arises out of the same transaction or occurrence
that is the basis of an action, a party to the action may file the counterclaim or
cross claim even though as a separate action it would be barred by limitation on
the date the party's answer is required.


(b) The counterclaim or cross claim must be filed not later than the 30th day after
the date on which the party's answer is required.



Tex. Civ. Prac. & Rem. Code Ann. § 16.069 (West 1997).

 Whether this statute is applicable to Doyer's claims against PBI and PBCC is the sole
issue on appeal; and, as we understand the summary-judgment record, it was the sole issue before
the trial court. It is, of course, a question of law determinable on the pleadings and undisputed facts. (3) 
Doyer contends on appeal the trial judge erred in refusing to apply section 16.069 to his claims
against PBI and PBCC.


DISCUSSION AND HOLDINGS


 Doyer maintains the district court was the only court having jurisdiction to decide his
supposed counterclaims because his damages far exceeded the $5,000 jurisdictional limit of the
small-claims court; consequently, the legislature must have intended that section 16.069 should
operate so as to authorize him to file his counterclaims in district court in an original and
independent lawsuit. Moreover, he contends, nothing in section 16.069 requires that the
counterclaim mentioned therein be brought in the same court and proceeding as the opposing party's
claim.

 For Doyer to prevail on appeal, his causes of action must come within the meaning
of the word "counterclaim" as it is used in section 16.069. If they do not, his claims against PBI and
PBCC for affirmative relief are barred by limitation.

 In legal usage, the word "counterclaim" most frequently denotes a defendant's claim
against a plaintiff for affirmative relief that will, in some manner, defeat or qualify a judgment the
plaintiff is otherwise entitled to recover. See CDB Software, Inc. v. Kroll, 992 S.W.2d 31, 36 (Tex. 
App.--Houston [1st Dist.] 1998, pet. denied); Latham v. Allison, 560 S.W.2d 481, 485 (Tex. Civ.
App.--Fort Worth 1977, writ ref'd n.r.e.).

 One observes, however, that the words "plaintiff" and "defendant" are not found in
section 16.069. Instead, the statute authorizes "a party" to maintain a counterclaim in the
circumstances described, even if the claim would otherwise be barred by limitation. This accords
with the rules of civil procedure that authorize a plaintiff to bring a counterclaim by a supplemental
petition filed "in reply" to a defendant's action against the plaintiff seeking affirmative relief. See
Tex. R. Civ. P. 51(a), 80, 81; 2 McDonald, Texas Civil Practice § 9.69, at 431, § 10.7, at 479 (Diane
M. Allen et al. eds., 1992 ed.). The parties have not referred to this matter. It complicates
nevertheless our consideration of whether section 16.069 applies in the present case, as mentioned
below in connection with Doyer's claim against PBCC.

 The applicability of section 16.069 was authoritively determined by necessary
implication in Hobbs Trailers v. Arnett Grain Co., 560 S.W.2d 85, 88-89 (Tex. 1977). While that
decision construed the statutory predecessor of section 16.069, (4) there are no material differences
between the two statutes. For clarity and convenience in our discussion of that opinion, we will
therefore refer to section 16.069 as if it had been the statute construed by the supreme court.

 In Hobbs Trailers, the original plaintiff sued on a cause of action barred by limitation. 
The trial court realigned the parties, making the original plaintiff the nominal defendant in the cause. 
Being thus cast as a defendant, he contended his original claim had become thereby a counterclaim
for which section 16.069 extended the limitation period. The court disagreed. The statute does not,
the court said, "extend the limitation period when the claim was originally asserted as other than a
counterclaim." Hobbs Trailers, 560 S.W.2d at 89. In support of this conclusion, the court gave two
kinds of reasons that are instructive here.

 The first class of reasons pertain to legislative intent. Section 16.069 was designed,
the court stated, "to prevent a plaintiff from waiting until an adversary's valid claim arising from the
same transaction was barred by limitation before asserting his own claim"; and, the statute was not
intended "to force an original defendant to choose between asserting a valid bar by limitation and
asserting a valid counterclaim, for fear that upon interchange of the parties the original claim would
become the 'counterclaim' and thus be saved by" section 16.069. Id., 560 S.W.2d at 88-89.

 The second class of reasons is textual, being based on the face of section 16.069. 
Subsection (a) of the statute restricts its application to counterclaims "asserted as such." Id., 560
S.W.2d at 88 (emphasis in original). In addition, subsection (b) of section 16.069 restricts
application of the statute to cases where the counterclaim is one that "must be filed not later than the
30th day after the date on which" an answer is required of the party who invokes section 16.069 to
save his claim from the limitation bar. Tex. Civ. Prac. & Rem. Code Ann. § 16.069(b); see Hobbs
Trailers, 560 S.W.2d at 89.

 It is readily apparent that section 16.069 does not extend the limitation period for
Doyer's supposed counterclaim against PBI. It was asserted in district court as an original claim in
a petition initiating an independent cause of actions against PBI; it was therefore not a counterclaim
"asserted as such" in the words of Hobbs Trailers. And notwithstanding Doyer's attempt to paint
his claim as one equivalent to an actual counterclaim, the plain fact is that it was not a claim that was
required to be filed on or before the thirtieth day after an answer was required of him. We might add
that no statute, rule, or common-law doctrine we have discovered purports to authorize the
prosecution of a counterclaim in a cause different from that initiated by the opposing party and in
a court distinct from that chosen by such party.

 It is immaterial that Doyer could not bring his supposed counterclaim in the small-claims court because it exceeded the $5,000 jurisdictional limit of that court. When a counterclaim
is compulsory, as Doyer states his to be, the defendant is not at liberty to decline battle in the forum
chosen by the plaintiff. See Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988). Doyer
does not contend that any other barrier prevented filing his claim, within the limitation period, in a
court having jurisdiction.

 Doyer's claim against PBCC stands on a different footing. It is in our view an actual
counterclaim, albeit not one within the saving provisions of section 16.069. Doyer did not originally
sue PBCC in the present cause. He did so only after PBCC sued him for money damages by PBCC's
petition in intervention. While PBCC eventually took a non-suit on its claim against Doyer, that did
not occur until after the trial judge signed the summary-judgment order. PBCC's claim against
Doyer was thus contained in a pleading "on file at the time of the hearing," Tex. R. Civ. P. 166a(e),
and could not be disregarded in determining PBCC's motion for summary judgment.

 Because Doyer filed his claim against PBCC after PBCC sued him, Doyer's
counterclaim against PBCC was a permissible "reply setting forth a counterclaim" although filed by
Doyer--the plaintiff in the cause. Tex. R. Civ. P. 51(a). The fact that Doyer did not assert his
counterclaim in a distinct supplemental petition, as required by Rule 46, was simply a defect in
pleading that PBCC waived by failing to point it out by special exception. Tex. R. Civ. P. 46; see
also Tex. R. Civ. P. 80, 81, 90; 2 McDonald, Texas Civil Practice, supra.

 Nevertheless, section 16.069 does not serve Doyer's counterclaim against PBCC. 
That counterclaim was not one required to be filed, as subsection (b) of the statute demands, within
thirty days of the date Doyer was obliged to file an answer in the cause. See Hobbs Trailers, 560
S.W.2d at 89. It appears to us that the Hobbs Trailers' reference to the thirty-day requirement
pertains to the logical difficulty of applying that statutory requirement to a party, such as the nominal
defendant in that case, who had appeared generally in the cause before he filed his putative
counterclaim. Id.

 After a party appears generally in a cause, there is no necessity for the issuance,
service, and return of a citation to bring him within the court's jurisdiction when an opposing party
alleges a cause of action against him. See Early v. Cornelius, 39 S.W.2d 6, 8 (Tex. 1931); Mallia
v. Bousquet, 813 S.W.2d 628, 630 (Tex. App.--Houston [1st Dist.] 1991, no writ). And without
service and return of a citation, no requirement is imposed upon him to file a written answer in the
cause by a date stated in the citation. See Tex. R. Civ. P. 99b, c. Thus, the thirty-day time limit
imposed by section 16.609(b) is devoid of meaning in such a case; in the absence of service and
return of a citation, the thirty-day time period has no commencement date.

 Like the nominal defendant in Hobbs Trailers, Doyer appeared generally in the cause
before he filed his counterclaim against PBCC. (5) Consequently, section 16.069 may not be applied
to save the counterclaim. Hobbs Trailers, 560 S.W.2d at 89.

 We hold accordingly and affirm the trial-court judgment.



 

 John E. Powers, Justice

Before Justices Yeakel, Patterson and Powers*

Affirmed

Filed: June 13, 2002

Publish








* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Nothing in the summary-judgment record contradicts Doyer's affidavit, filed in response
to the motion for summary judgment urged by PBI and PBCC, wherein he concludes on verified
facts that the two contracts constituted a single transaction.
2. The jurisdiction of such courts is limited to actions for the recovery of money in which the
amount involved does not exceed $5,000 exclusive of costs. See Tex. Gov't Code Ann. § 28.003(a)
(West Supp. 2002).
3. The summary-judgment order specifically states it is based on the limitation bar and the
court's construction of section 16.069. A few days after signing the order, the trial judge sustained
a motion for non-suit filed by PBI and PBCC and dismissed their claims against Doyer, making the
order final and appealable.
4. See Act of May 17, 1985, 69th Leg., R.S., ch. 959, sec. 1, § 16.069, 1985 Tex. Gen. Laws
3242, 3258 (codification of Texas Civil Practice & Remedies Code); Act of May 8, 1969, 61st Leg.
R.S., ch. 240, § 1, 1961 Tex. Gen. Laws 701, 701 (enactment of article 5539c, Revised Civil
Statutes, now § 16.069).
5. The record reflects that PBCC served Doyer with notice of it claim against him in
accordance with the rules of civil procedure. See Tex. R. Civ. P. 21, 21a.