**COMSTOCK SILVERSMITHS, INC., Appellant,**

**v.**

**John and Donna CAREY, Appellees.**

No. 04–94–00384–CV.

Court of Appeals of Texas, San Antonio.

Jan. 31, 1995.

Reese L. Harrison, Jr., Martin I. Roos, Oppenheimer, Blend, Harrison & Tate, San Antonio, for appellant.

Barry H. Beer, Law Offices of Barry H. Beer, P.C., Miles H. Appleberry, San Antonio, for appellees.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

HARDBERGER, Justice.

This is an appeal from a default judgment by a writ of error. The appellees, John and Donna Carey (Carey) filed suit against Comstock Silversmiths, Inc. (Comstock) for a breach of contract and tortious interference with a contract. The Careys alleged breach of contract damages for past lost commissions "not to exceed $10,000." The Careys also charged that, during the summer of 1992, Comstock told the Careys' customers that Carey was terminally ill and that their business should now be conducted directly with Comstock.

This was the basis of the Careys' claim for tortious interference with a contract. The Secretary of State attempted to serve Comstock, a Nevada corporation; however, Comstock refused to accept service and returned it to the Secretary of State. The trial court entered a default judgment in favor of the Careys for $100,000. Comstock, in this appeal, seeks to set aside the default judgment.

A review of a judgment by writ of error is available if it is (1) filed within six months after the final judgment is signed (2) by a party to the lawsuit (3) who did not participate in the trial. TEX.R.APP.P. 45(d). The Careys agree that the above three requirements were met. The remaining question upon which this appeal is centered is whether there is factually sufficient evidence to support the judgment.

A judgment taken by default on an unliquidated claim admits all allegations of facts set out in the petition, except the amount of damages. *Stoner v. Thompson,* 578 S.W.2d 679 (Tex.1979); *Long v. Wortham,* 4 Tex. 381 (1849). Once a default judgment is taken on an unliquidated claim, all allegations of fact set forth in the petition are deemed admitted, except the amount of damages. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 731 (Tex.1984).

## Holding

We affirm the default judgment as to liability. We also affirm the $10,000 award for past due and unpaid commissions for breach of contract.[1] Under the circumstances, the evidence is factually sufficient to support the award. As to the damages for mental anguish, we hold that there is some evidence to support an award, but insufficient evidence to support an award of $90,000.[2] If the Careys accept a remittitur, then the judgment is affirmed for $30,000; otherwise, the case is reversed and remanded for a new trial.

## Mental Anguish Damages

The evidence on mental anguish, while it exists, is sparse. The evidence in its entirety is as follows:

Attorney: As a result of the misrepresentations to your former customers and your loss of this various business that you had built up over the many years, how did it make you feel, Mr. Carey, first.

1. Neither of the parties raised in their brief that the $10,000 award was for breach of contract. However, the only testimony supporting the $10,000 award is that of Mr. Carey when he agreed that "based on past sales leading up to the summer of 1992," he and Mrs. Carey had earned commissions in the amount of at least $10,000 and that Comstock had not paid these due and unpaid commissions.

2. We recognize of course that mental anguish damages are generally not recoverable in an action for breach of contract. *Otten v. Snowden,* 550 S.W.2d 758, 759–60 (Tex.Civ.App.—San Antonio 1977, no writ); *see also Mead v. Johnson Group, Inc.,* 615 S.W.2d 685, 687 (Tex.1981).

However, mental anguish damages are an available element of damages for an intentional tort. *See Fisher v. Carrousel Motor Hotel,* 424 S.W.2d 627, 630 (Tex.1967). The alternate ground of Comstock's liability, tortious interference with contract, will therefore support the mental anguish award. *See Browning–Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 926 (Tex.1993) (essential element of tortious interference claim is willful and intentional act of interference). Comstock does not raise, and we do not decide, whether mental anguish damages are available in a tortious interference action in which economic damages are not found.

Mr. Carey: Very depressed and very upset that they would stoop that low to do that to me after all we did for them.

Ms. Carey: Needless to say, I was shocked and disbelieved that it would happen.

Attorney: Mr. Carey, did you have any sleepless nights or any other side effects as result of what had happened?

Mr. Carey: I was very depressed to think that they would do that after all we did for them.

Comstock points out that proof of mental pain and anguish requires a showing of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger. *Parkway Co. v. Woodruff*, 857 S.W.2d 903 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Phar–Mor., Inc. v. Chavira*, 853 S.W.2d 710 (Tex.App.—Houston [1st Dist.] 1993, writ denied). We have no quarrel with the above opinions, but the words used by the plaintiffs in the above cases are not the same words used in the present case. "Very depressed", a recognized medical condition in its pathological state, implies more than "mere worry, anxiety, vexation, embarrassment, or anger." We are not to be understood as finding necessarily that Mr. Carey has a clinical state of depression. We recognize those words are only his description of his condition. Nor do we say there are any "magic words" that once said create mental anguish. The court may look at the totality of the circumstances, as well as the words used.

In this case there is an elderly man with a prior business relationship with the defendant. He then loses his customers because his former business supplier is telling people he is dying. The combination of the words and actions of Comstock are likely to create more than simple "vexation and embarrassment." This court agrees with the trial court (who also had an opportunity to observe the appearance and demeanor of the witness) that, at least, the threshold of mental anguish was met. We do agree with Comstock, though, that the evidence in the statement of facts does not justify the amount of $90,000 in mental anguish damages. This figure was suggested by the Careys' counsel and given by the trial court in a default judgment setting with a minimal amount of evidentiary underpinning.

■ Therefore, we suggest a remittitur. This court is vested with the power to suggest a remittitur on its own motion when the appellant complains that there is insufficient evidence to support an award and the court of appeals agrees, but finds that there is sufficient evidence to support a lesser award. *David McDavid Pontiac, Inc. v. Nix*, 681 S.W.2d 831, 838 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *Union Carbide Corp. v. Burton*, 618 S.W.2d 410, 416 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *see also* TEX.R.APP.P. 85(c).

"If part of a damage verdict lacks sufficient evidentiary support, the proper course is to suggest a remittitur of that part of the verdict. The party prevailing in the trial court should be given the option of accepting the remittitur or having the case remanded." *Larson v. Cactus Utility Co.*, 730 S.W.2d 640, 641 (Tex.1987); *Wilson v. Freeman*, 108 Tex. 121, 126, 185 S.W. 993, 994 (1916).

In this court's opinion, the judgment is excessive by $70,000. This still allows mental anguish damages that are twice that of the actual dollar loss caused by Comstock's behavior. If within fifteen days of the filing of this opinion appellee shall remit the sum of $70,000, the judgment below will be reformed and affirmed; otherwise, it will be reversed and remanded.