**Paul HERBERT, Appellant,**

v.

**GREATER GULF COAST ENTER-PRISES, INC. d/b/a Gulf Coast Enterprises, Appellee.**

**No. 01–94–01240–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 16, 1995.

Rehearing Overruled Nov. 16, 1995.

---

David S. O'Neil, Maurice Tate 3rd, Woodland, for Appellant.

Chuck Portz, Houston, for Appellee.

Before HEDGES, HUTSON–DUNN and MIRABAL, JJ.

## OPINION ON MOTION
## FOR REHEARING

HEDGES, Justice.

We grant appellant, Paul Herbert's, motion for rehearing, withdraw our opinion of August 3, 1995, and substitute this opinion in its stead.

Paul Herbert appeals a default judgment in favor of appellee Greater Gulf Coast Enterprises, Inc., D/B/A Gulf Coast Enterprises, Inc. (Gulf Coast), in a suit brought under TEX.PROP.CODE ANN. § 162.001 (Vernon 1984). In five points of error, appellant contends that service of process was defective, that the trial court did not have personal jurisdiction over him, and that there was no evidence to establish misapplication of trust funds or quantum meruit or to support the award of exemplary damages. We reverse in part and affirm in part.

### Facts

Appellant, who resides in Connecticut, is the president of Herbert and Boghosian, Inc. (H & B), a Connecticut corporation in the business of general contracting. Gulf Coast contracted with H & B to supply labor and materials to demolish and reinstall drywall and acoustical materials. Although Gulf Coast fully performed its obligations, H & B refused to pay as agreed. Gulf Coast sued appellant and H & B in Harris County, Texas to recover the money it alleged it was owed. Both H & B and appellant were served in Connecticut under TEX.R.CIV.P. 108. Neither filed an answer or made an appearance. The trial court granted Gulf Coast's motion for default judgment and entered judgment finding appellant and H & B jointly and severally liable for $61,373 actual damages, $1,800 in pre-judgment interest, $305 as costs of court, $100,000 in exemplary damages and $30,000 in attorney's fees. Within six months after the entry of judgment, appellant and H & B filed a petition for writ of error seeking to set aside the default judgment. H & B was later dismissed as a party to this appeal on its own motion.

### Standard of Review

Review of a judgment by writ of error is proper only if (1) the petition is filed within six months of the signing of the judg-

ment (2) by a party to the lawsuit (3) who did not participate in the trial. TEX.R.APP.P. 45. Reversal of the judgment is proper only if error is apparent from the face of the record. *Brown v. McLennan County Children's Protective Servs.,* 627 S.W.2d 390, 392 (Tex. 1982). In determining whether an error appears on the face of the record, a court may consider all the papers on file in the appeal, including the statement of facts. *DSC Finance Corp. v. Moffitt,* 815 S.W.2d 551, 551 (Tex.1991). Legal and factual sufficiency of the evidence to support the judgment is an appropriate inquiry on writ of error. *See Comstock Silversmiths, Inc. v. Carey,* 894 S.W.2d 56, 57 (Tex.App.—San Antonio 1995, no writ).

### Lack of In Personam Jurisdiction

In point of error one, appellant contends that the trial court erred in granting Gulf Coast a default judgment against him because Gulf Coast's petition did not contain jurisdictional allegations sufficient to confer in personam jurisdiction on the trial court.

Gulf Coast served appellant under TEX.R.CIV.P. 108. Allegations in petitions served under this rule must be sufficient to meet due process requirements. *Paramount Pipe & Supply Co., Inc. v. Muhr,* 749 S.W.2d 491, 496 (Tex.1988). Service of process under rule 108 does not, in and of itself, confer in personam jurisdiction. *Id.* at 495. To pass constitutional muster, Gulf Coast was required to allege (1) that appellant purposefully did some act or consummated some transaction in Texas, (2) that the cause of action arose from or was connected with such act or transaction, and (3) that the assumption of jurisdiction by the trial court will not offend "traditional notions of fair play and substantial justice...." *Siskind v. Villa Foundation for Education,* 642 S.W.2d 434, 436 (Tex.1982).

In this case, Gulf Coast's pleadings set forth:

Defendant, H & B promised to pay for the labor and materials and has accepted all and has used and benefited from installing them in construction contracts for Petrie Stores Corporation.

Although requested to do so, Defendant wholly failed and refused to pay as agreed.

Defendants, H & B and PAUL HERBERT as President are trustees for construction draws to which Plaintiff is a beneficiary in accordance with Texas Property Code Section 162. Defendants have diverted and disposed of the corpus of the trust and Plaintiff is entitled to seek exemplary damages of at least $100,000.00.

Additionally, attached to and incorporated in the petition are invoices which identify the location of the jobsite as Houston, Texas and the business address of Gulf Coast as Porter, Texas.

The allegations in Gulf Coast's petition are sufficient to confer in personam jurisdiction. Section 162 of the Property Code establishes that construction payments are trust funds for the purpose of the statute if the payments were made to a contractor or to an officer under a construction contract for the improvement of specific real estate in Texas. TEX.PROP.CODE ANN. § 162.001 (Vernon 1984). A contractor or an officer who receives trust funds is a trustee of the funds. TEX.PROP.CODE ANN. § 162.002 (Vernon 1984). Gulf Coast specifically put appellant on notice that he was being sued for liability under this chapter of the Property Code. These contentions are sufficient allegation of appellant's purposeful act or transaction in the State of Texas. The cause of action, collection of money owed under the construction contract, clearly arose out of the transaction.

We do not believe that jurisdiction over appellant is offensive to the ideals of fair play and justice. The Legislature enacted section 162 as a special protection for contractors and subcontractors in order to avoid the injustice of owners' and contractors' refusal to pay for work completed. *See American Amicable Life Ins. Co. v. Jay's Air Conditioning & Heating, Inc.,* 535 S.W.2d

23, 26 (Tex.Civ.App.—Waco 1976, writ ref'd n.r.e.). The basic equities weigh in favor of in personam jurisdiction. *See Siskind*, 642 S.W.2d at 436.

We overrule point of error one.

## Lack of Proper Service

■ In point of error two, appellant contends that the trial court erred in granting the default judgment because the service of process was improper. Specifically, he complains that the officer's return attached to the citation fails to reflect service of the petition on him.

Rule 108 provides:

Where the defendant is absent from the State, or is a nonresident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; and such notice may be served by any disinterested person competent to make oath of the fact in the same manner provided in Rule 106 hereof.

TEX.R.CIV.P. 108. Rule 106 provides:

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto. . . .

TEX.R.CIV.P. 106.

The return and affidavit of Sheriff Ocif, the officer in Connecticut who served appellant, states:

That on March 21, 1994 at 11:30 a.m. I left a true and attested copy of the within and foregoing Original Petition Citation, Notice to Serve Non–Resident Defendant with my endorsement thereon and a copy of the *Complaint* with and in the hands of the within named defendant PAUL HER-BERT, 314 Ella Grasso Drive, Torrington, CT.

(Emphasis added.) Appellant contends that the affidavit is defective because it references a *complaint*, while Gulf Coast's pleading was denominated a *petition*.

■ Strict compliance with the rules regarding service of citation is required to confer jurisdiction on the trial court. *See Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994). In a writ of error attack, we indulge no presumptions in favor of valid issuance, service, and return of citation. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985). In spite of these stringent requirements, we believe that the sheriff's return of citation reflects proper service on appellant.

We disagree that *Woodall v. Lansford*, 254 S.W.2d 540, 543 (Tex.Civ.App.—Fort Worth 1953, no writ) supports appellant's challenge of the return. In that case, the return stated that the sheriff had served a copy of the citation on the defendant, but it omitted any reference to the petition. Nor does *Primate Const.*, 884 S.W.2d at 152, mandate a finding of defective return. The return of service preprinted form in that case recited that the officer served Plaintiff's Original Petition, which statement was inaccurate. The citation accurately reflected that the defendant was served with Plaintiff's Second Amended Petition, the first pleading which made the defendant a party. In both of these cases, the return's deviation from absolute accuracy was much more pronounced than in this case.

The return we are reviewing merely refers to the original petition as a complaint, a term clearly synonymous with petition. The fact that the original petition is referred to as a complaint does not make it any less clear that appellant was served with the appropriate documents. Even strict compliance does not require such absolute obeisance to the minutest detail. *See Boat Superstore, Inc. v. Haner*, 877 S.W.2d 376, 379 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Popkowsi v. Gramza*, 671 S.W.2d 915, 917 (Tex.App.—Houston [1st Dist.] 1984, no writ).

We overrule point of error two.

## Legal Insufficiency

■ Legal insufficiency review requires that the court consider only the evi-

dence and inferences, when viewed in their most favorable light, that tend to support the finding, and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988); *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex. 1987). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). If there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Stafford,* 726 S.W.2d at 16.

### Misapplication of Funds

In point of error three, appellant contends that the trial court erred entering the default judgment because there was no evidence that he misapplied trust funds.

A defendant who defaults admits all allegations of facts except unliquidated damages. *Stoner v. Thompson,* 578 S.W.2d 679, 684–85 (Tex.1979). Appellant admitted by default the existence of the contract, the performance by Gulf Coast, the refusal to pay, the fact that he is a trustee of the construction funds for the benefit of Gulf Coast under section 162 of the Property Code, and that he diverted and disposed of the corpus of the trust. The allegations admitted by default in the context of Gulf Coast's reference to section 162 suffice to establish that appellant misapplied the trust funds.

### Quantum Meruit

In point of error five, appellant contends that the trial court erred in granting the default judgment because there was no evidence to support an award of damages based on quantum meruit.

Quantum meruit is an equitable remedy which does not arise out of a contract, but is independent of it. *Vortt Exploration Co. v. Chevron U.S.A.,* 787 S.W.2d

942, 944 (Tex.1990). Generally, a party may recover under quantum meruit only where there is no express contract covering the services or materials furnished. *Id.* In this case, appellant admitted the elements of Gulf Coast's quantum meruit claim by default. Further, appellant's admission by default of the existence of an express contract renders this issue moot.

We overrule point of error five.

### Exemplary Damages

In point of error four, appellant contends that appellee failed to present evidence to support the award of exemplary damages. Although a default judgment has the effect of admitting all matters properly alleged, if damages are unliquidated or not proved by an instrument in writing, the prevailing party must present evidence on damages. TEX.R.CIV.P. 243; *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992) (court rendering default judgment must hear evidence of unliquidated damages) Unliquidated claims include exemplary damages. *First Nat'l Bank of Irving v. Shockley,* 663 S.W.2d 685, 689 (Tex.App.—Corpus Christi 1983, no writ). Thus, to sustain an award of additional damages in a default judgment, appellees must both plead knowing conduct *and* present evidence that the extent of appellant's knowledge warrants additional damages. *See Sunrizon Homes, Inc. v. Fuller,* 747 S.W.2d 530, 534 (Tex.App.— San Antonio 1988, writ denied) (punitive damages are not regarded as admitted by default in a DTPA action). In addition, an exemplary damages award must be reasonably proportioned to actual damages. *Alamo Nat'l Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981). The trial court must consider several factors to determine whether an award of exemplary damages is reasonable. *See id.*

Although appellant admitted by default that he intentionally or knowingly misapplied trust funds in violation of section 162 of the Texas Property Code, appellee did not plead or present any evidence to show that the

extent of appellant's knowing conduct was so egregious as to warrant exemplary damages. Furthermore, no evidence was presented by appellee to support the amount of exemplary damages awarded.

Because there was no hearing on the issue of exemplary damages, we sustain point of error four, and remand to the trial court for appellee and appellant to present (1) evidence regarding the extent of appellant's intentional conduct; and (2) evidence regarding the reasonableness of the amount of exemplary damages requested.

We reverse the part of the judgment that awards punitive damages and remand the issue of punitive damages only. TEX. R.APP.P. 81(b)(1); *see Alvarado v. Reif,* 783 S.W.2d 303, 305 (Tex.App.—Eastland 1989, no writ) (in absence of a record on the issue of unliquidated damages following a no-answer default judgment, reversal and remand on this issue is required). The remainder of the judgment is affirmed.