BIOTRACE INTERNATIONAL, INC., an Illinois corporation, and Jeffrey Sadowski, individually and as officer, agent and director of Biotrace International, Inc., Appellants,

v.

Joseph S. WILWERDING and Earl J. Lavery, Appellees.

No. 01–96–00216–CV.

Court of Appeals of Texas, Houston, (1st Dist.).

Jan. 9, 1997.

Maurice Tate, III, The Woodlands, for Appellants.

Eric Gould, Houston, for Appellees.

Before SCHNEIDER, C.J., and MIRABAL and O'CONNOR, JJ.

## OPINION

SCHNEIDER, Chief Justice.

The trial court rendered a default judgment against the defendants, Biotrace International, Inc., an Illinois corporation, (Biotrace) and Jeffrey Sadowski, Biotrace's president. The defendants timely filed their writ of error, and in four alternative points of error, they argue there is error on the face of the record based upon the following: (1) the plaintiffs' failure to include jurisdictional allegations in their petition; (2) the plaintiffs' failure to properly serve the defendants; (3) the plaintiffs' Texas Deceptive Trade Practice Act cause of action is barred as a matter of law; and (4) the plaintiffs' damages are excessive as a matter of law. We reverse.

## FACTS

The plaintiffs, both Texas residents, entered into negotiations with the defendants, an Illinois corporation and resident, regarding the sale of Biotrace stock. The plaintiffs allege the defendants made telephonic misrepresentations during the negotiations, and that these misrepresentations induced them to wire funds to the defendants for the stock. When the plaintiffs did not receive the stock, they sued the defendants for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), sworn account, and for violations of the Texas Securities Act.

On April 13, 1995, the Harris County District Clerk's office issued two non-resident citations to the Cook County, Illinois, Sheriff's Department; however, the sheriff's office never filled out the Texas citations. Instead, the sheriff's office created a single citation, which indicates that multiple service was completed. Although the Harris County citations recite that "Plaintiff's Second Amended Original Petition" was attached to the Texas citation form, the Illinois sheriff's citation merely recites that "a copy of the summons and complaint" was served. The

defendants, however, did not appear for trial and the trial court entered a default judgment against them.

## STANDARD OF REVIEW

The four elements for review by writ of error are: (1) the petition must be brought within six months from the signing of the judgment; (2) by a party to the lawsuit; (3) who did not participate in the trial on the merits; and (4) error must be apparent on the face of the record. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex.1985). There is no dispute as to whether the defendants were parties to the lawsuit, did not participate, or timely brought their writ of error within six months of the signing of the judgment. In each of the defendants' four alternative points of error, they argue there is error on the face of the record.

## DISCUSSION

In point of error one, the defendants argue the trial court erred in granting the plaintiffs a default judgment because the plaintiffs' second amended petition does not contain jurisdictional allegations sufficient to meet due process requirements. We agree.

The plaintiffs served the defendants under Tex.R.Civ.P. 108. Allegations in petitions served under this rule must be sufficient to meet due process requirements. *Paramount Pipe & Supply Co. v. Muhr,* 749 S.W.2d 491, 496 (Tex.1988); *Herbert v. Greater Gulf Coast Enter.,* 915 S.W.2d 866, 870 (Tex. App.—Houston [1st Dist.] 1995, no writ). Service of process under rule 108 does not, in and of itself, confer in personam jurisdiction. *Paramount Pipe,* 749 S.W.2d at 495; *Herbert* 915 S.W.2d at 870. To pass constitutional muster, the plaintiffs were required to allege: (1) the defendants purposefully did some act or consummated some transaction *in Texas;* (2) the cause of action arose from or was connected with such act or transaction; and (3) the assumption of jurisdiction by the trial court will not offend "traditional notions of fair play and substantial justice." *Siskind v. Villa Found. for Educ.,* 642 S.W.2d 434, 436 (Tex.1982); *Herbert,* 915 S.W.2d at 870.

Here, the plaintiffs' petition states that "Defendant Biotrace, through its officers, directors and agents, verbally stated to one or more of the Plaintiffs, in conversations over the phone, that in exchange for cash payments by Plaintiffs, shares of Biotrace would be issued by Defendants." While this statement supports a finding that the defendants acted purposefully, the plaintiffs' petition does not show these conversations took place with the plaintiffs *while they were in Texas.* There is evidence in the record showing that both plaintiffs live in Texas and that they transferred funds from Texas banks; however, this evidence is insufficient to show that the defendants purposefully availed themselves to Texas laws. Therefore, the allegations in the plaintiff's petition are insufficient to confer in personam jurisdiction, and there is error apparent on the face of the record.

We sustain the defendants' first point of error.

Because we have sustained the defendants' first point of error, and determined the trial court did not have in personam jurisdiction over the defendants, we need not address the remaining points of error. We reverse the judgment of the trial court and remand.

MIRABAL, Justice, concurring.

I concur on the basis that the face of the record does not show that the defendants were properly served with citation.

The record contains an *Illinois form* of summons (or citation) that recites "a copy of the summons and complaint" was served. The sheriff's return does not show that the *Texas form* of citation was served on each defendant. This is critical because only the Texas form of citation provided information about the defendants' deadline to file an answer in the trial court; the Illinois form did not provide any such information.

As far as we can tell from this record, the Illinois sheriff may have *replaced* the Texas citation form with the Illinois citation form; we cannot presume that the Illinois sheriff served *three* documents (the petition, the Illinois citation, *and* the Texas citation). There are no presumptions in favor of valid issuance, service, and return of citation when a

default judgment is attacked by writ of error; failure to show strict compliance will render any attempted service invalid and cause a default judgment to be set aside. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985); *Burns v. State*, 881 S.W.2d 132, 133 (Tex.App.—Houston [1st Dist.] 1994, no writ).

Accordingly, I would sustain the defendants' point of error two, reverse the judgment, and remand.