Terry ISAACSON, Appellant,

v.

Mark ANDERSON and Jerry Watson, Appellees.

No. 01–97–00385–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 16, 1998.

Robert Alan York, Houston, for Appellant.

Rada Srinivasan, Tyler, for Appellees.

Before MIRABAL, WILSON and TAFT, JJ.

## OPINION

MIRABAL, Justice.

This is a writ of error appeal of a default judgment. We affirm.

The original petition alleged that defendant, Terry Isaacson, entered into two separate contracts with the plaintiffs, Mark Anderson and Jerry Watson, to have remodeling and electrical work done to defendant's home. The Anderson contract was for remodeling work to defendant's home and was valued at $14,700. The Watson contract was

judge's decision was supported by substantial evidence, we need not address DPS' remaining points of error.

for electrical work to defendant's home and was valued at $2,000. Defendant made partial payment to both parties, but when he would not tender the final payments of $6,615 owed to Anderson and $1,260 owed to Watson, plaintiffs brought suit for payment, alleging breach of contract, quantum meruit, and fraud. Defendant, although served with the suit papers, did not file an answer.

On November 11, 1996, the trial court heard the plaintiffs' motion for default judgment. Neither defendant nor his counsel were present. The trial court ruled in favor of plaintiffs and awarded Anderson actual damages of $6,615, exemplary damages of $19,845, prejudgment interest of $396.90, attorney's fees of $3,500, and postjudgment interest. The court awarded Watson actual damages of $1,260, exemplary damages of $3,780, prejudgment interest of $75.60, and postjudgment interest.

■■■■■ Review by writ of error is proper only if the appellant (1) files the petition within six months of the signing of the judgment, (2) is a party to the suit, (3) did not participate in the trial, and (4) the error is apparent from the face of the record. Former Tex.R.App. P. 45 (Vernon Pamph. 1997);[1] *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 588 (Tex.1996, no pet.). The first three prongs of the test have been met in this case. With regard to the fourth prong, in determining whether an error appears on the face of the record, a court may consider all the papers on file in the appeal. *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 870, (Tex.App.— Houston [1st Dist] 1995, no writ). Ineffective service and legal and factual sufficiency of the evidence are appropriate inquiries on writ of error. *See Texaco, Inc.*, 925 S.W.2d at 590; *Rubalcaba v. Pacific/Atlantic Crop Exchange, Inc.*, 952 S.W.2d 552, 555 (Tex. App.—El Paso 1997, no writ); *Herbert*, 915 S.W.2d at 870.

■■■■ In his first point of error, defendant asserts it was error for plaintiffs not to include defendant's address in the original peti-

tion in the paragraph stating where defendant resides.

Defendant relies on rule 79 of the Rules of Civil Procedure, which states: "The petitioner shall state the names of the parties and their residences, if known, together with the contents prescribed in Rule 47 above." Tex.R. Civ. P. 79. Defendant argues that rule 79 requires a plaintiff to include a defendant's *address*, when it is known, in the original petition, and that the mere identification of the county of the defendant's residence is insufficient.

The original petition in the present case recites:

> Plaintiffs are individuals residing in Harris County, Texas. Defendant is an individual residing in Harris County, Texas. Venue is proper because the cause of action subject to this suit occurred in Harris County, Texas.

Defendant contends this language does not satisfy rule 79 because plaintiffs knew his address, as evidenced by the filing letter that accompanied the original petition, which included defendant's home address. Consequently, defendant argues that the trial court did not have personal jurisdiction over him, so he was relieved from any responsibility to file an answer in response to the service of citation on him.

Plaintiffs did, however, include defendant's address in their petition. Defendant ignores the fact that the next paragraph in the petition begins with:

> On or about February 1, 1995, Anderson and Isaacson entered into an oral contract in Houston, Texas, by which Anderson agreed to serve as a general contractor and furnish all necessary labor and some materials for construction of Isaacson's *personal residence, located at 3702 Badger Forest, Houston, Texas 77088.*

(Emphasis added.)

The general rule is that the allegations of the plaintiff's petition must state sufficient facts to show the court has jurisdiction *Richardson v. First Nat'l Life Ins. Co.*, 419

---

1. As of September 1, 1997, rule 45 of the Rules of Appellate Procedure was replaced by rules 30, 25.1 and 26.1(c). A writ of error is now referred to as a restricted appeal. The briefs in this case were filed before the new rules took effect.

S.W.2d 836, 839 (Tex.1967). Plaintiffs have done so.

Defendant relies on authority requiring strict compliance with the Rules of Civil Procedure regarding *service of citation* in order to confer jurisdiction on the trial court. *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994). However, the question here is not whether there was strict compliance with the rules regarding service of citation; defendant admits he was served with the original petition on September 13, 1996, and makes no complaint about service.

The better practice may be to list the defendant's name and address, if known, at the beginning of the petition, in the same paragraph, but rule 79 does not mandate such placement. There was no error. We overrule defendant's first point of error.

■ In his second point of error, defendant asserts the trial court erred in granting a default judgment awarding exemplary damages to plaintiffs because there is no evidence, or in the alternative, insufficient evidence of a tort independent of breach of contract.

In a recent decision, the Texas Supreme Court held that tort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract, or whether the plaintiff suffers only an economic loss related to the subject matter of the contract. *Formosa Plastics Corp. U.S. v. Presidio Eng'rs & Contractors, Inc.*, 40 Tex. Sup.Ct. J. 877, 879–81 (July 9, 1997). If a plaintiff presents legally sufficient evidence on each of the elements of a fraudulent inducement claim, any damages suffered as a result of the fraud sound in tort. *Id.* Accordingly, plaintiffs in the present case could bring both a breach of contract and a fraud claim, with the potential for recovery of exemplary damages on the fraud claim.

The original petition in the present case included the following allegations:

### VI.

Anderson and Watson further allege that Isaacson committed fraud in that Isaacson never intended to pay for plaintiffs' services at the time the contracts were made.

### VII.

Isaacson's misrepresentation that he would pay for the services was a material fact on which Anderson and Watson relied. They would not have agreed to perform the construction and electrical work had they known about the falsity of the representation. Anderson's and Watson's reliance on the misrepresentations caused them substantial injury and damage.

### VIII.

Anderson and Watson further allege that since Isaacson knew that the representations were false at the time they were made, the representations were willful and malicious and constitute conduct for which the law allows the imposition of exemplary damages. In this connection, Anderson and Watson will show that they have incurred significant expenses, including attorney's fees, in the investigation and prosecution of this action. Accordingly, plaintiffs request that exemplary damages be awarded against Isaacson in a sum that exceeds the minimum jurisdictional limits of the Court.

By not filing an answer after proper service of citation, defendant admitted the allegations of fact relevant to the fraud cause of action. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992) (holding that default judgment operates as an admission of all facts alleged in plaintiff's petition and the only remaining issue to be resolved is the amount of unliquidated damages); *Herbert*, 915 S.W.2d at 872. Defendant's liability for fraud having been established, plaintiffs met their burden of proof for a tort independent of breach of contract.

Accordingly, we overrule point of error two.

We affirm the judgment.