Affirmed and Memorandum Opinion filed January 9, 2007








Affirmed and Memorandum Opinion filed January 9, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00058-CV

____________

 

ALLEN HEGGEN AND PAULA HEGGEN, Appellants

 

V.

 

GRAYBAR ELECTRIC COMPANY, INC., Appellee

 



 

On Appeal from the 234th
District Court

Harris County, Texas

Trial Court Cause No.
2004-03347

 



 

M E M O R A N D U M   O P I N I O N

Appellants Allen Heggen and Paula Heggen (the AHeggens@) appeal from the
trial court=s entry of default judgment in favor of Graybar
Electric Company, Inc. (AGraybar@).  In one issue,
the Heggens seek to set aside the default judgment because service was
defective.  We affirm.   

I.  Facts and Procedural Background








Graybar filed an original petition against several
defendants on January 23, 2004 seeking to collect on a materialman=s lien.  Graybar
added the Heggens as defendants on April 18, 2005 in a second amended original
petition.  The trial court issued citations for service of the second amended
petition for both Allen and Paula Heggen, which read, AAttached is a copy
of SECOND AMENDED ORIGINAL PETITION . . . . This instrument was filed on
the 18th day of April, 2005 in the above cited cause number and court.  The
instrument attached describes the claim against you.@  The returns for
the citations recite that a deputy of the Hidalgo County Sheriff executed the
citations on May 11, 2005 by delivering both Allen and Paula Heggen Aa true copy of
this Citation together with the accompanying [blank] copy(ies) of the Petition
attached thereto.@  Although the Heggens admit that Aservice was made@ on them in person
by the deputy on May 11, 2005,  neither of them answered the second amended
petition.  As a result, Graybar moved for a default judgment, which the trial
court granted on July 25, 2005.  The Heggens thereafter timely filed a
restricted appeal.

The Heggens now urge us on appeal to set aside the default
judgment because the return of citation did not refer specifically to the ASecond Amended
Petition,@ which they claim rendered service defective. 

II.  Standard of Review








A restricted appeal (1) must be brought within six months
of the date of judgment, (2) by a party to the suit, (3) who did not
participate in the hearing that resulted in the judgment complained of, and (4)
the error must be apparent from the face of the record.  See Tex. R. App. P. 30; Quaestor Inv.,
Inc. v. State of Chiapas, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam). 
Review by restricted appeal entitles the appellant to the same scope of review
as an ordinary appeal, except that the error must appear on the face of the
record, which for purposes of a restricted appeal consists of all the documents
on file with the trial court when it rendered judgment.  Norman Commc=n v. Tex. Eastman
Co.,
955 S.W.2d 269, 270 (Tex. 1997) (per curiam).  Therefore, we may not consider,
as part of the record, evidence or documents that were not before the trial
court when it rendered judgment.  Gen. Elec. Co. v. Falcon Ridge Apartments
Joint Venture, 811 S.W.2d 942, 944 (Tex. 1991).  It is undisputed that the
Heggens complied with the first three elements of a restricted appeal. 
Accordingly, we review only whether error was apparent from the face of the
record.[1] 


III.  Analysis








The Heggens contend that, because the return referenced the
APetition,@ rather than the ASecond Amended
Original Petition,@ and thus failed to reference the pleading
that named them as defendants, we must set aside the default judgment for
defective service.  Texas Rule of Civil Procedure 106(a)(1) states that an
authorized person shall serve a citation by Adelivering to the
defendant, in person, a true copy of the citation with the date of delivery
endorsed thereon with a copy of the petition attached thereto.@  Texas Rule of
Civil Procedure 107 provides that for personal service of a citation, the
return of citation shall (1) be endorsed or attached to the citation, (2) state
when the citation was served, (3) state the manner of service, and (4) be
signed by the officer officially or by the authorized person.  Texas law has
long required that, for a default judgment to withstand direct attack, strict
compliance with the rules of service of citation affirmatively appear on the
record.  Primate
Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994).  The return of citation constitutes prima
facie evidence of the facts asserted therein.  Id.  However, even under
a strict compliance standard, we afford returns a fair, reasonable, and natural
construction and give effect to their plain intent and meaning.  Brown‑McKee, Inc. v. J.F.
Bryan & Assoc., 522 S.W.2d 958, 959 (Tex. Civ. App.CTexarkana 1975, no writ).  Moreover, A[t]he return in its entirety,
together with the citation to which it refers, must be considered in
determining its sufficiency.@  Id.; see also Tex. Nat=l Bank v. Greystone Publ=g Co., No. B14‑86‑788‑CV,
1987 WL 13548, at *2 (Tex. App.CHouston [14th Dist.] July 9, 1987, no writ) (not designated
for publication) (reviewing the citation and return to determine whether proper
agent had been served).  








The
Heggens= contention that the return was
defective fails for several reasons.  First, the return meets each of the
requirements outlined in Rule 107, and the Heggens do not contend otherwise. 
Second, courts have upheld the sufficiency of returns under similar facts.  In Ortiz
v. Avante Villa at Corpus Christi, the court held a return strictly
complied with Rule 107 where it identified the document served as the APetition attached@ to the citation, and the citation identified
the document served as the APLAINTIFFS= ORIGINAL PETITION,@ which was the exact title of the
petition.  926 S.W.2d 608, 612 (Tex. App.CCorpus Christi 1996, writ denied). 
Similarly, in Herbert v. Greater Gulf Coast Enterprises, Inc., the court held a
return strictly complied with Rule 107 where it recited that a copy of the AComplaint@ had been served,
but the plaintiff had titled the pleading a Apetition,@ because AComplaint@ is synonymous
with Apetition.@  915 S.W.2d 866,
871 (Tex. App.CHouston [1st Dist.] 1995, no writ).  In both Ortiz and
Herbert, the decisive fact was that the language in the citation and
return varied only slightly, which did not make it unclear whether the
appropriate documents were served and thus did not render service defective.  Cf. Westcliffe, Inc. v. Bear Creek
Constr., Ltd., 105
S.W.3d 286, 290 (Tex. App.CDallas 2003, no pet.) (holding that omission of initial AD.@ from registered agent=s name in return did not invalidate
service); Payne & Keller Co. v. Word, 732 S.W.2d 38, 41 (Tex. App.CHouston [14th Dist.] 1987, writ ref=d n.r.e.) (finding strict compliance
with Rule 107 and no uncertainty that proper defendant was served where return
described agent as APhilipee Petitfreere@ and petition and citation described
agent as APhilippe Petitfrere@).  Similar to Ortiz, the citation before us describes
the document served as the ASecond Amended Original Petition,@ and the return describes such
document as the APetition attached@ to the copy of the citation. 
(emphasis added).  Reading the return under its plain meaning and in
conjunction with the citation reveals that the deputy served both appellants
with a copy of the petition attached to the citation, which clearly stated was
the ASecond Amended Original Petition.@  As such, we cannot say that the
slight language variation between the return and citation created uncertainty
to a degree rendering service defective.        

Finally,
Primate, on which the Heggens solely rely, is distinguishable.  See
Primate, 884 S.W.2d at 152.  There, as here, the appellants were named as
defendants only in a second amended original petition.  Id.  However,
though the citation described the pleading served as the APlaintiffs= Second Amended Petition,@ the return described such pleading
as the APlaintiffs= Original Petition.@  Id.  The Supreme Court accordingly found
an error in service on the face of the record because Athe only proof that Primate . . . was
served with anything at all is a return which recites service of a pleading
in which it had not been sued.@  Id. at 153 (emphasis
added).  Thus, unlike the present case, the return in Primate expressly
and directly conflicted with the citation.  Moreover, here, the return does not
recite service of a pleading in which the Heggens were not sued (APetition attached@ to the citation).  Indeed, the Primate
return=s Adeviation from absolute accuracy was
much more pronounced@ than the return here.  See Herbert, 915 S.W.2d at 871.  

Therefore,
because we find the return strictly complied with Rule 107 and because we find
no error on the face of the record compelling a reversal of the default
judgment, we overrule the Heggens= sole issue. 

The
judgment of the trial court is affirmed.  

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed January 9, 2007.

Panel consists of
Chief Justice Hedges and Justices Yates and Seymore.









[1]  As a threshold matter, Graybar contends the Heggens
erroneously brought a Adirect appeal@
rather than an application for writ of error.  The record indicates the Heggens
timely filed a restricted appeal under Texas Rule of Appellate Procedure 30. 
Restricted appeals under Rule 30 replaced writs of error under former Texas
Rule of Appellate Procedure 45.  See Tex.
R. App. P. 30 & cmt.; Hercules Concrete Pumping Serv., Inc. v.
Bencon Mgmt. & Gen. Contracting Corp., 62 S.W.3d 308, 309 n.3 (Tex.
App.CHouston [1st Dist.] 2001, pet. denied).  Therefore,
Graybar=s contention lacks merit.