Opinion issued February 18, 2010














     



In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00323-CV




JOHN R. LINDLEY, Appellant

v.

FIA CARD SERVICE, N.A., F/K/A MBNA AMERICA BANK, N.A., Appellee




On Appeal from County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 890872




MEMORANDUM OPINION

          This is a restricted appeal in a suit to confirm an arbitration award. Appellant,
John R. Lindley, appeals from a default judgment granted in favor of appellee, FIA
Card Services N.A., f/k/a MBNA Bank America, N.A. (“FIA”) on a credit card debt. 
          In three issues, Lindley contends that (1) FIA’s suit was improperly reinstated;
(2) FIA failed to serve him with notice of trial settings; and (3) the default judgment
is “defective.” Lindley requests a new trial, and FIA “agrees to a new trial.”
          We reverse and remand.
Background
          On January 23, 2007, after arbitration proceedings on a credit-card debt,
creditor FIA was awarded $16,010.84 against debtor Lindley. On April 19, 2007, FIA
sued in the trial court to confirm the award. To its petition, FIA appended a copy of
the arbitrator’s findings, conclusions, and award to FIA of $16,010.84. Lindley does
not dispute that notice was properly served and that he did not answer the suit to
confirm the award. 
          In August 2007, FIA sought a default judgment, which the trial court denied. 
Trial was set for March 4, 2008. 
          On the eve of trial, March 3, 2008, FIA moved to non-suit its claim without
prejudice, which the trial court granted. A month later, on April 3, 2008, FIA filed
a verified motion to reinstate its suit, which the trial court granted. 
 
          On September 22, 2008, FIA again moved for a default judgment, asserting that
it had filed its petition on April 19, 2007, that it had served Lindley with citation on
June 22, 2007, and that Lindley had failed to answer. On October 17, 2008, the trial
court granted the default judgment. The court ordered that FIA recover $7,279.17
from Lindley, as the balance due on the account. On April 14, 2009, Lindley filed a
notice of restricted appeal.Restricted AppealA party can prevail in a restricted appeal only if (1) it filed notice of the
restricted appeal within six months after the judgment was signed; (2) it was a party
to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the
judgment complained of and did not timely file any post-judgment motions or
requests for findings of fact and conclusions of law; and (4) error is apparent on the
face of the record. Ins. Co. of State of Penn. v. Lejeune, 297 S.W.3d 254, 255 (Tex.
2009); see Tex. R. App. P. 26.1(c), 30. 
          Here, it is undisputed that Lindley filed notice of his restricted appeal within
six months after the judgment was signed, that he was a party to the underlying
lawsuit, that he did not participate in the hearing that resulted in the default judgment,
which is the judgment complained of, and that he did not timely file any post-judgment motions or requests for findings of fact and conclusions of law. The only
issue remaining is whether error appears on the face of the record.
          The face of the record consists of all the papers on file in the appeal. See
Norman Comm. v. Tex. Eastman Kodak, 955 S.W.2d 269, 270 (Tex. 1997) (stating
that review by restricted appeal affords appellant same scope of review as ordinary
appeal, which is review of entire case). “It necessarily follows that review of the
entire case includes review of legal and factual insufficiency claims.” Id. (remanding
for review of appellant’s legal sufficiency point); see Herbert v. Greater Gulf Coast
Enter., 915 S.W.2d 866, 870 (Tex. App.—Houston [1st Dist.] 1995, no writ).
A.      Motion to Reinstate
          In his first issue, Lindley contends that the trial court erred by reinstating FIA’s
suit because FIA failed to comply with Rule of Civil Procedure 165a.
          Rule 165a governs reinstatement after dismissal for want of prosecution. See
Tex. R. Civ. P. 165a(3). The record before us, however, does not reflect that FIA’s
suit was dismissed for want of prosecution. The record reflects that FIA took a non-suit, which is not governed by Rule 165a. Lindley’s issue cannot be sustained on the
grounds he advances. 
          Accordingly, we overrule Lindley’s first issue.
 
 
B.      Default Judgment
          In his third issue, Lindley contends that error is apparent on the face of the
record because FIA failed to present any evidence to support the trial court’s
modification of the arbitration award. Specifically, Lindley contends that the record
shows that FIA sought to confirm the arbitration award it attached to the petition,
which states that FIA was awarded $16,010.04. In its judgment, however, the trial
court awarded $7,279.17 to FIA. Lindley contends that there is no record of any
hearing on unliquidated damages and that “there is no evidence” in the record
supporting the trial court’s award. Lindley contends that “[t]he default judgment in
this matter should be reversed” and that he should be “provided his day in Court.”
          Lindley may challenge the legal sufficiency of the evidence to support the trial
court’s judgment in a restricted appeal. See Norman Comm., 955 S.W.2d at 270.
Lindley does not challenge the entry of a default


; rather, he solely challenges the
amount of the trial court’s award. FIA states in its response that it “agrees to a new
trial on this issue.”
 
          We sustain a legal sufficiency point (1) when there is a complete absence of a
vital fact; (2) when rules of law or evidence preclude according weight to the only
evidence offered to prove a vital fact; (3) when the evidence offered to prove a vital
fact is no more than a scintilla; or (4) when the evidence conclusively establishes the
opposite of the vital fact. City of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005);
El-Khoury v. Kheir, 241 S.W.3d 82, 86 (Tex. App.—Houston [1st Dist.] 2007, pet.
denied). “The final test for legal sufficiency must always be whether the evidence at
trial would enable reasonable and fair-minded people to reach the verdict under
review.” City of Keller, 168 S.W.3d at 827.
          The face of the record in a restricted appeal consists of the documents and
evidence before the trial court when it rendered its judgment. See Norman Comm.,
955 S.W.2d at 270. Here, the arbitration award states that the matter in this case
involves interstate commerce and is governed by the Federal Arbitration Act
(“FAA”). The FAA requires a trial court to confirm an arbitration award unless
grounds are offered to vacate, modify, or correct the award. 9 U.S.C §§ 10,11; see
Ancor Holdings, L.L.C. v. Peterson, Goldman & Villani, Inc., 294 S.W.3d 818,
826–27 (Tex. App.—Dallas 2009, no pet.) (citing Hall St. Assocs., L.L.C. v. Mattel,
Inc., 552 U.S. 576, 128 S.Ct. 1396, 1403 (2008) (holding that statutory grounds for
modifying or correcting arbitration award are exclusive grounds for modification of
award pursuant to FAA)); see also Tex. Civ. Prac. & Rem. Code Ann. 171.091
(Vernon 2005). Here, the record shows that the arbitrator awarded to FIA
$16,010.04. The trial court issued a judgment awarding $7,279.17 to FIA. There is
no testimony or evidence in the record before us regarding the trial court’s
modification.
          We hold that the evidence is legally insufficient to support the trial court’s
modification of the arbitration award. 
          Accordingly, we sustain Lindley’s third issue.
 
 
 
 
 
 
 
 
 
 
Conclusion



          We conclude that Lindley has met the requirements for review by restricted
appeal of the trial court’s judgment awarding $7,279.17 to FIA. We reverse the trial
court’s judgment and remand for further proceedings.


 All pending motions relating
to this appeal are denied as moot. 



                                                             Laura Carter Higley
                                                             Justice


Panel consists of Chief Justice Radack and Justices Alcala and Higley.