**Reversed and Remanded and Memorandum Opinion filed December 10, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00747-CV

**ENERGY SEARCH COMPANY INC., DONALD ROBUCK, AND SHARYN ROBUCK, Appellants**

**V.**

**RLI INSURANCE COMPANY, Appellee**

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2018-16016**

## M E M O R A N D U M   O P I N I O N

Appellants Energy Search Company Inc., Donald Robuck, and Sharyn Robuck bring this restricted appeal from a no-answer default judgment in favor of appellee, RLI Insurance Company. Appellants contend in three issues that error is apparent on the face of the record because: (1) they are nonresidents of Texas and RLI failed to plead facts sufficient to establish personal jurisdiction over them;

(2) no court reporter's record exists of the default judgment hearing; and (3) legally insufficient evidence supports the trial court's judgment.

We agree with appellants' first issue that RLI failed to plead facts that, if true, establish personal jurisdiction over each appellant, and that error is apparent on the face of the present record. We reverse the default judgment and remand for further proceedings.

## Background

According to its original petition, RLI issued a bond on behalf of Energy Search and related to potential liabilities for plugging oil and gas wells drilled in Colorado. In 2010, RLI amended the value of the bond to $60,000. In exchange for issuing the amended bond, Energy Search and Donald and Sharyn Robuck signed indemnity agreements, in which they each agreed to indemnify RLI for all liabilities associated with the bond. Neither the bond nor the indemnity agreements are part of our record.

RLI further alleged that in July 2017, the Colorado Oil and Gas Conservation Commission ("COGCC") demanded that RLI pay on the bond. COGCC's demand resulted from Energy Search's alleged failures to comply with several administrative regulations. RLI paid the bond penalty of $60,000 to COGCC in September 2017. In February 2018, Donald Robuck's son paid RLI $6,000 to partially offset the penalty. The petition alleges no facts regarding where the bond or indemnity agreements were signed or are performable.

In March 2018, RLI sued Energy Search, Donald, and Sharyn for breach of contract in Harris County, Texas. RLI alleged that it is a foreign corporation with offices in Harris County, Texas. RLI further alleged that each defendant could be served with process at an address in Aurora, Colorado. RLI served Energy Search

and the Robucks at the Colorado address, but none of the defendants filed an answer or otherwise responded to the suit. RLI filed a default judgment motion, attaching proof of service and affidavits concerning damages and attorney's fees. The trial court signed a final default judgment in RLI's favor, awarding RLI $54,000 in damages for Energy Search's and the Robucks' failure to perform under their indemnity agreements with RLI. The trial court did not award RLI attorney's fees.

Appellants filed a timely notice of restricted appeal.

## Analysis

To prevail in a restricted appeal, the appealing party must establish that: (1) it filed a notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see* Tex. R. App. P. 26.1(c). The only disputed issue is the final matter: whether error appears on the face of the record.

Energy Search and the Robucks first assert that error appears on the face of the record because RLI did not allege sufficient jurisdictional facts to establish personal jurisdiction over them. Whether a trial court has personal jurisdiction over a defendant is a question of law we review de novo. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Texas courts may exercise jurisdiction over a nonresident if the Texas "long-arm" statute authorizes the exercise of personal jurisdiction and the exercise of jurisdiction is consistent with

3

federal and state constitutional guarantees of due process. *Moki Mac*, 221 S.W.3d at 574; *BMC Software*, 83 S.W.3d at 795. The Texas long-arm statute authorizes Texas courts to exercise jurisdiction over a nonresident defendant who "does business" in the state and provides a non-exclusive list of activities that constitute doing business in this state. Tex. Civ. Prac. & Rem. Code § 17.042; *see Novik v. Lendr, LLC*, —S.W.3d—, 2019 WL 5617882, at *3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2019, no pet. history). Under section 17.042, a nonresident does business in Texas if, among other things, it contracts with a Texas resident and either party is to perform the contract in whole or in part in Texas, or if it commits a tort in whole or in part in Texas. Tex. Civ. Prac. & Rem. Code § 17.042(1), (2).

A plaintiff bears the initial burden of pleading sufficient factual allegations to bring the nonresident defendant within the provisions of the long-arm statute. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). Once the plaintiff's pleadings establish jurisdiction, a nonresident defendant may file a special appearance to contest jurisdiction and may present evidence to support its contest. *See* Tex. R. Civ. P. 120a; *Kelly*, 301 S.W.3d at 658.

Energy Search and the Robucks did not file special appearances or other responsive pleadings; thus, we have no contrary evidence in the record to dispute the existence of RLI's pleaded facts. Accordingly, our review "is essentially limited to determining whether the jurisdictional facts pleaded by [RLI], taken as true, affirmatively demonstrated the trial court's jurisdiction over [Energy Search and the Robucks]." *Cal. Shock Trauma Air Rescue v. Holland*, No. 03-09-00661-CV, 2010 WL 3442212, at *3 (Tex. App.—Austin Aug. 31, 2010, no pet.) (mem. op.) (citing *Kelly*, 301 S.W.3d at 658; *Alexander*, 134 S.W.3d at 848).

RLI's petition asserts no jurisdictional facts regarding the Robucks or Energy Search. The petition is notably silent as to whether appellants conduct

4

business in Texas, as that phrase is described in the statute. Instead, RLI alleges only the following facts:

- RLI is a foreign corporation with an office in Harris County;

- Energy Search is a foreign corporation, with its registered agent located in Aurora, Colorado;

- Donald Robuck is an individual residing in Aurora, Colorado;

- Sharyn Robuck is an individual residing in Aurora, Colorado;

- RLI issued a bond to Energy Search for potential liabilities in Colorado;

- Energy Search and the Robucks agreed to indemnify RLI for liabilities associated with the bond;

- RLI received a demand from the COGCC for payment of the bond;

- RLI paid the bond amount to COGCC;

- Energy Search and the Robucks failed to reimburse RLI for the bond penalty; and

- A non-party, the son of Donald Robuck, "contributed $6,000.00 toward payment of the penalty."

None of these facts, taken as true, demonstrate that the nonresident defendants, Energy Search and the Robucks, "do business" in the State of Texas or are amenable to service under the long-arm statute. *See* Tex. Civ. Prac. & Rem. Code §§ 17.041-.045. Thus, nothing on the face of the record indicates that the trial court obtained personal jurisdiction over appellants. *See, e.g.*, *BMC Software*, 83 S.W.3d at 795.

5

In support of the default judgment, RLI relies on *California Shock Trauma Air Rescue v. Holland*, 2010 WL 3442212, and *Herbert v. Greater Gulf Coast Enterprises, Inc.*, 915 S.W.2d 866 (Tex. App.—Houston [1st Dist.] 1995, no writ). In both cases, however, the record demonstrated that the nonresident defendants were amenable to jurisdiction in Texas. In *California Shock Trauma Air Rescue*, the plaintiff alleged that Calstar, in telephone conversations and writings directed to her in Texas, made an agreement with her and then breached that agreement. *See* 2010 WL 3442212, at *4. She further alleged that, in efforts to collect a debt, Calstar lied to her in phone calls and writings directed at Texas. *Id.* The court of appeals determined that these pleadings alleged facts sufficient to invoke specific jurisdiction over Calstar because: (1) Calstar contracted "with a Texas citizen in Texas via telephone conversations and written communications directed at Texas and engage[d] in tortious or fraudulent conduct via those same communications"; (2) "Texas's public interest in protecting Texans from unconscionable conduct and illegal debt-collection practices directed at Texans by foreign corporations also weighs in favor of jurisdiction"; and (3) "the required nexus exist[ed] between Calstar's minimum contacts with Texas and its alleged liability to Holland[.]" *Id.*

Similarly, in *Herbert*, the First Court of Appeals denied Connecticut resident Paul Herbert's petition for writ of error[1] in part because the court determined Greater Gulf Coast Enterprise's allegations were sufficient to confer personal jurisdiction over Herbert. *See Herbert*, 915 S.W.2d at 870-71. Gulf Coast's pleadings alleged that Herbert violated provisions of the Texas Property Code while working on a Texas jobsite under a contract with Texas resident Gulf Coast. *See id.* at 870.

---

[1] The current restricted-appeal procedure replaced the former writ-of-error procedure. *Alexander*, 134 S.W.3d at 849.

In contrast, RLI did not allege that nonresidents Energy Search or the Robucks conducted any business in Texas, entered into a contract performable in whole or in part in Texas, or committed a tort in whole or in part in Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.042. Neither the bond nor the indemnification agreements are part of our record, so we cannot determine whether anything in these instruments would permit the trial court to exercise jurisdiction over these nonresidents. Further, nothing in the record indicates that either the bond or indemnification agreements were performable in Texas, or that nonresidents Energy Search or Robucks violated any specific Texas statutes. *Cf. Herbert*, 915 S.W.2d at 870.

We conclude that RLI failed to plead sufficient facts to confer jurisdiction over appellants. We may not "indulge in inferences to determine whether a plaintiff has sufficiently alleged jurisdictional facts." *Boreham v. Hartsell*, 826 S.W.2d 193, 196 (Tex. App.—Houston [1st Dist.] 1992, no writ); *see also McKanna v. Edwards*, 388 S.W.2d 927, 929-30 (Tex. 1965). In a restricted appeal attacking a default judgment, the record must affirmatively show that the trial court had jurisdiction over the defendants. *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95 (Tex. 1973); *McKanna*, 388 S.W.2d at 930. Here, the record does not show that the trial court acquired personal jurisdiction over appellants. We sustain appellants' first issue.

Appellants ask that this case be dismissed for want of personal jurisdiction. However, "[w]hen the pleading is wholly devoid of jurisdictional facts, the plaintiff should amend the pleading to include the necessary factual allegations, *see* Tex. R. Civ. P. 63, thereby allowing jurisdiction to be based on evidence rather than allegations, as it should be." *Kelly*, 301 S.W.3d at 659. Further, when a default judgment is set aside, the case generally is remanded to the trial court for

further proceedings. *See Boyo v. Boyo*, 196 S.W.3d 409, 417 (Tex. App.—Beaumont 2006, no pet.) (citing *Whitney*, 500 S.W.2d at 97; *McKanna*, 388 S.W.2d at 930). Accordingly, the proper remedy in this case is remand to the trial court. Our resolution of this issue makes it unnecessary to address appellants other issues, which would provide the same relief. *See* Tex. R. App. P. 47.1.

## Conclusion

Having concluded that the face of the record does not demonstrate personal jurisdiction over appellants, we reverse the default judgment and remand for proceedings consistent with this opinion.


/s/    Kevin Jewell
       Justice


Panel consists of Justices Jewell, Bourliot, and Zimmerer.